UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re APPLICATION BY THE UNITED STATES FOR A SEARCH WARRANT FOR INFORMATION STORED AT PREMISES CONTROLLED BY GOOGLE FOR INVESTIGATION OF 18 U.S.C. §§ 970(A) & 371. | Case No. 24-mj-70090-LJC-1<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND INSTRUCTING PARTIES TO MEET AND CONFER**<br><br>Re: Dkt. Nos. 6, 7 |

On February 7, 2024 Google, LLC filed a Motion (ECF No. 7) to quash a search warrant issued by this Court, as well as an Administrative Motion to File Under Seal (ECF No. 6). Sufficient cause having been shown, Google's Administrative Motion to File Under Seal is GRANTED, and Google's Motion to Quash shall remain under seal until the underlying search warrant and related documents are unsealed in accordance with this Court's order dated January 23, 2024 (ECF No. 5).

Contrary to Google's assertion in its Administrative Motion, that previous order did not seal "the entire docket associated with the Warrant." ECF No. 6 at 3; *cf.* ECF No. 5 (sealing a discrete list of documents). The docket itself is not currently sealed, nor are Google's attorneys' pro hac vice applications (ECF Nos. 8–9), receipts for payment associated with those applications (ECF Nos. 10–11), the Court's orders granting those applications (ECF Nos. 12–13), or this order. If the United States believes the docket should be sealed, it may bring a motion to that effect. Google's Administrative Motion to File Under Seal was itself provisionally filed under seal, but will be unsealed unless the United States files a motion no later than February 22, 2024 showing sufficient cause to keep it under seal.

Google's Motion to Quash does not address any applicable rule of procedure. Since this

dispute stems from a search warrant issued in a criminal investigation, the appropriate rule would seem to be Criminal Local Rule 47-2, governing noticed motions in criminal cases. Under that rule, the United States' opposition was due February 14, 2024. To date, however, no opposition brief appears in the record. Since Google's motion did not identify Rule 47-2, the Court excuses any failure of the United States to meet that deadline. The parties are ORDERED to meet and confer as to an appropriate briefing schedule, and to file no later than February 20, 2024 either a stipulation (if they can agree to a schedule) or a joint letter not exceeding three pages laying out the parties' separate proposals (if they cannot agree).

**IT IS SO ORDERED.**

Dated: February 15, 2024

LISA J. CISNEROS
United States Magistrate Judge